**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| FIDEL RIOS-LAZARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-03209-SRB |
| | ) | |
| JAMES ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Fidel Rios-Lazaro's ("Petitioner") Petition for Writ of

Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("the Petition"). (Doc. #1.)

For the reasons below, the Court GRANTS the Petition.

### I. FACTUAL BACKGROUND

Respondents do not dispute the following facts provided in the Petition. Petitioner is a

citizen of Mexico and has resided in the United States since approximately 1996. He is a father

of five children, who are all citizens of the United States. Petitioner was taken into custody by

U.S. Immigration and Customs Enforcement ("ICE") on March 16, 2026, and remains detained.

On April 9, 2026, Petitioner applied for EIOR-42B Cancellation of Removal. The basis for this

application was his five children, and in particular, "his son, David Rios Jr., who was a St. Jude

patient, a diabetic, and suffering from the significant effects of acute lymphoblastic leukemia

remission, which include facial paralysis, deafness in one ear, and an inability to walk due to a

collapsed hip." (Doc. #1, ¶ 3.)

Petitioner filed the Petition on April 9, 2026. The Petition asserts one claim for relief:

Count I—Violation of Fifth Amendment Right to Due Process. In part, Petitioner alleges that his

1

"detention without a bond hearing violates his constitutional right to due process, [and] respectfully requests that this Court order his immediate release from custody, or, in the alternative, order that he be granted an immediate bond hearing before an Immigration Judge." (Doc. #19, ¶ 93.)  Respondents timely filed their response in opposition to the Petition, and Petitioner filed a reply brief.  The parties' arguments are addressed below.[1]

**II.  DISCUSSION**

Petitioner argues that his "continued detention without an individualized bond hearing constitutes an unconstitutional deprivation of liberty under the Due Process Clause of the Fifth Amendment, as measured by the multi-factor reasonableness test that remains available after *Jennings v. Rodriguez*, 583 U.S. 281 (2018)."  (Doc. #1, ¶ 37.)  Petitioner's reply explains that his detention violates his procedural due process rights and the Court construes his Petition as such.  In response, the Government argues in part that "lawful admission—not physical entry—is the touchstone for when aliens gain due process interests that could potentially require procedures beyond what Congress has provided."  (Doc. #4, p. 7.)  As explained below, the Court agrees with Petitioner and finds that Respondents' continued detention of Petitioner violates procedural due process.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As an initial matter, the Government argues that Petitioner's procedural due process claim fails because "by enacting Section 1225, Congress sought to eliminate the preferential treatment of aliens who violate the country's immigration laws by entering illegally and evading detection . . . .Petitioner's theory of procedural due process is incompatible with [case law].  [Petitioner]

---

[1] On March 25, 2026, the Eighth Circuit issued its decision in *Avila v. Bondi*, Appeal No. 25-3238, 2026 WL 819258, slip op. (8th Cir. March 25, 2026), which held that people classified as "applicants for admission" under 8 U.S.C. § 1225(a)(1) are subject to § 1225(b)(2)'s mandatory detention regime.  Here, Petitioner acknowledges *Avila* but argues his detention violates the Due Process Clause of the Fifth Amendment.  The Court finds that *Avila's* construction of § 1225 does not govern the due process claim asserted herein.

(and is receiving) all the process due to him under Section 1225; that is "due process of law." (Doc. #4, p. 8.) In support of this argument, the Government cites, among other cases, *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). In *Thuraissigiam*, the Supreme Court rejected a noncitizen's argument that his expedited removal proceeding violated due process, and held that the noncitizen "ha[d] only those rights *regarding admission* that Congress has provided by" § 1225. *Id.* (emphasis supplied).

Upon review, the Court rejects the Government's arguments. "As other courts addressing similar arguments have noted, *Thuraissigiam* dealt with a due process challenge to the sufficiency of § 1225's process for expedited removal—not with a challenge to prolonged mandatory detention." *Alvarez v. Noem*, No. 4:26-CV-00729, 2026 WL 522322, at * 4 (S.D. Tex. Feb. 25, 2026) (citing cases). "Since *Thuraissigiam* did not address whether noncitizens mandatorily detained under § 1225(b) have a constitutional due process right to challenge the fact or length of their detention, the Court finds that *Thuraissigiam* does not foreclose Petitioner's due process claim." *Id.* (citation and quotation marks omitted) (cleaned up). The Court agrees with this case law. As explained by Petitioner, the case law cited by the Government "recognize limited procedural rights in the admission context, not the detention context, and are factually distinct from the case at hand." (Doc. #5, p. 2.) Consequently, the Court turns to the due process issues raised herein.

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process is flexible . . . [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 312-315 (2018). To determine whether a civil detention violates a detainee's due process rights, courts

apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. at 335.  Courts

must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Here, the first *Mathews* factor weighs in favor of Petitioner.  "Freedom from

imprisonment—from government custody, detention, or other forms of physical restraint—lies at

the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690; *see*

*also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always

been at the core of the liberty protected by the Due Process Clause from arbitrary governmental

action").  Petitioner has resided in the United States for thirty years and has built a life here.  He

is the father of five United States citizen children.  One of his children requires significant

medical support and attention.  Under these circumstances, the Court finds that Petitioner has a

strong liberty interest in his freedom from detention.

The second *Mathews* factor, the risk of erroneous deprivation, also weighs in favor of

Petitioner.  "The regulations authorizing ICE to release a noncitizen from custody require that the

noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a

danger to property or persons' and that the noncitizen is 'likely to appear for any future

proceeding.'"  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting 8 C.F.R. §

1236.1(c)(8)).  Here, the Court agrees with Petitioner that "[t]he risk of erroneous deprivation is

substantial where detention is imposed without an individualized hearing at which the

government must justify continued custody."  (Doc. #1, ¶ 31.)  Without "such a procedure,

4

Petitioner has no meaningful mechanism to demonstrate that he poses neither a danger to the community nor a flight risk, and no opportunity to challenge the statutory basis of his confinement." (Doc. #1, ¶ 31.) Further, Respondents do not contend that Petitioner presents a danger or a flight risk. The Court finds that the second factor weighs in favor of Petitioner.

Under the third *Mathews* factor, even a weighty private interest must be balanced against the government's interest. Respondents have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. But those interests do not control under the facts presented here. The record does not show that Petitioner is a flight risk and Petitioner has no criminal history other than a traffic violation. Thus, the third factor weighs in favor of Petitioner.

The Court finds that the proper remedy for the violation of Petitioner's due process rights is immediate release from custody. Given the weight of the liberty interests at stake and the fact that Petitioner has already been detained for nearly a month, the Court concludes that immediate release is appropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025) (ordering immediate release from custody after determining that the petitioner's continued detention violated procedural due process).

## III. CONCLUSION

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.

2. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2026

6